Moncure, P.,
concurred in the opinion of the court, except as to one point. He thought there was proof that the offence was committed. The only question was—who committed it? There were only two persons present; one •of these was proved not guilty. Who, then, could have done it but the appellant? The jury found him guilty, .and he was not inclined to reverse their verdict.
The judgment was as follows :
This day came again as well the attorney-general on belialf of the commonwealth as the plaintiff in error by his •counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the indictment in -this case is sufficient in law, and that the said hustings •court did not err in overruling the demurrer of the plaintiff in error thereto; but the court is further of opinion, for the reasons aforesaid, that the evidence was plainly insufficient to warrant the verdict of the jury on the issue joined, and that the said hustings court erred in overruling ■the motion of the plaintiff to set aside said verdict and ¡grant him a new trial: it is therefore considered and or-•o •dered that the said judgment of the hustings court be reversed and annulled, the verdict of the jury set aside, and •that this cause be remanded to the said hustings court for a .new trial of the issue joined, and for further proceedings *883 in order to final judgment in conformity to law and the opinion hereinbefore expressed; which is ordered to be certified to the said hustings court of the city of Richmond.
Judgment reversed.